John H. Bradley (Wisconsin Bar No. 1053124)
R. Rick Resch (Wisconsin Bar No. 1117722)
**STRANG BRADLEY, LLC**
613 Williamson Street, Suite 204
Madison, Wisconsin 53703
(608) 535-1550
John@StrangBradley.com
Rick@StrangBradley.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

Michelle Rodriguez-Gray,

    *Plaintiff,*

    *v.*

Aaron J. Devries,

    *Defendant.*

CIVIL RIGHTS COMPLAINT

*Jury Trial Demanded Under*
*Fed. R. Civ. P. 38(b)*

Michelle Rodriguez-Gray, by her attorneys, Strang Bradley, LLC, for her complaint against Defendant Aaron J. Devries states:

**INTRODUCTION**

1. On August 20, 2025, Mohave County Sheriff's Deputy Aaron Devries pulled over Rodriguez-Gray for speeding. After confirming her license, registration, and proof of insurance, Devries gave Rodriguez-Gray a written warning for speeding.

2. After completing the mission for the traffic stop, Devries then wanted to search Rodriguez-Gray's vehicle. When she refused to agree to consent to a search of her vehicle, Devries placed her in handcuffs, put her in the back of a squad car, and then proceeded to search her vehicle.

3. After finding no contraband in Rodriguez-Gray's vehicle, after prolonging her detention by more than 42 minutes, Devries told Rodriguez-Gray she was free to leave.

4. This is a lawsuit for money damages brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Rodriguez-Gray's constitutional right to be free from unreasonable search and seizure in violation of the Fourth Amendment of the United States Constitution.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), and § 1343(a)(3) (42 U.S.C. §1983 jurisdiction).

6. Venue is proper under 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to the claims asserted herein occurred within this judicial district. And, upon information and belief, Defendant Devries lives in this district.

**PARTIES**

7. Plaintiff, Michell Rodriguez-Gray, is an adult resident of the State of Oklahoma.

8. Defendant Aaron Devries was, at the time of this occurrence, employed as a deputy sheriff in the Mohave County Sheriff's Office. At all times relevant to this action, Defendant Devries engaged in the conduct complained of while he was a duly appointed and sworn deputy sheriff and was acting in his individual capacity, under color of state law, and within the scope of his employment with Mohave County. Devries is sued in his individual capacity.

2

**FACTS**

9.  On August 20, 2025, Mohave County Sheriff's Deputy Aaron Devries observed Rodriguez-Gray speeding on the highway and conducted a traffic stop of the vehicle she was driving.

10.  Devries told Rodriguez-Gray that he was not going to give her a ticket for speeding, just a warning, and asked Rodriguez-Gray to step out of her vehicle to talk to him.

11.  Rodriguez-Gray stepped out of her vehicle, leaving her 5-year-old son and dog inside the vehicle.

12.  Rodriguez-Gray provided Devries her license, registration, and proof of insurance.

13.  After completing the written warning, Devries gave Rodriguez-Gray her license, registration, and proof of insurance back along with the written warning.

14.  Devries asked Rodriguez-Gray whether she had anything illegal in her car and Rodriguez-Gray said no.

15.  Devries asked Rodriguez-Gray whether he could search her vehicle. She initially said that he could search her vehicle if he wanted, but she then asked Devries whether he needed to and then told Devries no.

16.  Devries asked Rodriguez-Gray whether he could run his K-9 around her vehicle.

17.  Rodriguez-Gray asked Devries whether he had a reason to run his K-9 around her vehicle and then told Devries that he did not have a valid reason to run his K-9 around her vehicle.

18.  Devries then ordered Rodriguez-Gray to stand outside her vehicle while he ran his K-9 around her vehicle.

19.  Rodriguez-Gray told Devries that he had no legal right to search her vehicle and that she was refusing his request to do so.

3

20.     Devries told Rodriguez-Gray that if she didn't comply with his order, he would handcuff her.

21.     Devries then radioed for backup to come to the scene.

22.     Devries then grabbed Rodriguez-Gray and handcuffed her behind her back.

23.     When a backup officer arrived, Devries placed Rodriguez-Gray in the back seat of the backup squad, handcuffed behind her back.

24.     Devries then proceeded to run his K-9 around Rodriguez-Gray's car with her son and dog still in the car.

25.     Devries claimed that the K-9 alerted on Rodriguez-Gray's car.

26.     Devries then removed Rodriguez-Gray's son from the vehicle and proceeded to search her car along with other officers.

27.     More than 42 minutes elapsed between Devries completing the mission of his traffic stop and giving Rodriguez-Gray her license, registration, proof of insurance, a written warning, and eventually releasing her and telling her she was free to go.

## COUNT I

### 42 U.S.C. § 1983 Claim for Unlawful Seizure

28.     Plaintiff realleges the above paragraphs.

29.     Defendant Devries illegally prolonged the detention of Rodriguez-Gray, resulting in an unjustified, unreasonable, and illegal seizure. This violated Rodriguez-Gray's rights under the Fourth Amendment to be free from unreasonable searches, arrests, and seizures.

30.     After Devries finished issuing citations and warnings to Rodriguez-Gray, there was no longer any reasonable suspicion of wrongdoing to prolong the seizure.

31.     Devries unlawfully detained Rodriguez-Gray.

32.     Devries unlawfully arrested Rodriguez-Gray.

4

33.    Defendant Devries acted recklessly and/or with callous indifference to the federally protected rights of Plaintiff.

34.    As a direct and proximate result of Devries's unlawful actions, Rodriguez-Gray's constitutional rights were violated, and Plaintiff has suffered, and will continue to suffer damages, including mental suffering, anguish, fear, humiliation, loss of personal freedom, and expenses.

WHEREFORE, Plaintiff requests that the Court enter judgment against Defendant and in favor of Plaintiff as follows:

a)    For compensatory, general, and special damages against the Defendant, in an amount to be proven at trial;

b)    For punitive and exemplary damages against Defendant in an amount appropriate to punish the wrongful conduct of Devries as alleged in this complaint and to deter such conduct in the future by Devries and others;

c)    For pre- and post-judgment interest to the extent provided by law;

d)    For attorney fees and litigation and court costs as permitted by 42 U.S.C. § 1988 and as otherwise authorized by all other applicable law; and

e)    For such other relief as this Court may deem just and proper.

## Jury Demand

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38(b), on all issues so triable.

Respectfully submitted,

Dated: December 8, 2025

/s/ John H. Bradley
John H. Bradley
  Wisconsin Bar No. 1053124
R. Rick Resch

5

Wisconsin Bar No. 1117722
STRANG BRADLEY, LLC
613 Williamson Street, Suite 204
Madison, WI 53703
(608) 535-1550
John@StrangBradley.com
Rick@StrangBradley.com

Attorneys for Plaintiff